Edgar R. Cataxinos (Utah State Bar No. 07162)
ERCataxinos@traskbritt.com
J. Jeffrey Gunn (Utah State Bar No. 10731)
JJGunn@traskbritt.com
Stephen E. Pulley (Utah State Bar No. 13843)
SEPulley@traskbritt.com
**TRASKBRITT, PC**
230 South 500 East # 300
Salt Lake City, Utah 84102
Telephone: (801) 532-1922
Facsimile: (801) 531-9168

*Attorneys for Plaintiff, CAO GROUP, INC.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>HERAEUS KULZER, LLC (MITSUI CHEMICALS GROUP), an Indiana corporation,<br><br>    Defendant. | **COMPLAINT**<br><br>Case No.: 2:15cv00068-RJS<br><br>Judge Robert J. Shelby<br><br>**JURY DEMAND** |

Plaintiff CAO Group, Inc. ("CAO") hereby complains and alleges against Defendant

Heraeus Kulzer, LLC (Mitsui Chemicals Group) ("Heraeus" or "Defendant") as follows:

**PARTIES**

1.      Plaintiff CAO is a Utah corporation located at 4628 West Skyhawk Drive, West Jordan, UT 84084.

2.      Defendant Heraeus is an Indiana corporation with a principal place of business at 300 Heraeus Way, South Bend, IN 46614.

**NATURE OF THE ACTION**

3.      This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271.

4.      On information and belief, Defendant has infringed and continues to infringe, and/or actively induces others to infringe CAO's U.S. Patent Nos. Nos. 6,719,559 (the "'559 Patent), 6,755,648 (the "'648 Patent"), 6,783,362 (the "'362 Patent), 6,926,524 (the "'524 Patent"), and 6,971,875 (the "'875 Patent"), (collectively "the Asserted Patents").

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over Defendant Heraeus because, on information and belief, Heraeus does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in Utah; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this state and judicial District; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from infringing products and/or services provided to persons in this District and State.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

8.      Plaintiff CAO designs, develops, manufactures, and markets various products for use in the dental industry, including but not limited to dental curing lights.

9.      CAO has sought protection for its technological innovations, which has resulted in numerous issued patents, including the Asserted Patents.

10.     The '559 Patent issued on April 13, 2004, and is titled "Curing Light." CAO is the owner by assignment of the '559 Patent.

11.     The '648 Patent issued on June 29, 2004, and is titled "Curing Light." CAO is the owner by assignment of the '648 Patent.

12.     The '362 Patent issued on August 31, 2004, and is titled "Dental Curing Light Using Primary And Secondary Heat Sink Combination." CAO is the owner by assignment of the '362 Patent.

13.     The '524 Patent issued on August 9, 2009, and is titled "Curing Light." CAO is the owner by assignment of the '524 Patent.

14.     The '875 Patent issued on December 6, 2005, and is titled "Dental Curing Light." CAO is the owner by assignment of the '875 Patent.

15.     On information and belief, Defendant develops, market, and/or manufactures a number of products for the dental industry, including dental curing lights that include light emitting diodes.

16.     On information and belief, Defendant manufactures and sells the Translux® Wave dental curing light product.

17.     On information and belief, Defendant manufactures and sells the Translux® Power Blue dental curing light product.

18.     On information and belief, Defendant Heraeus operates and maintains a website at www.heraeus-kulzer.com where Heraeus's products, including the Translux® Wave product, are marketed to at least U.S. consumers via the www.heraeus-kulzer.com website.

19.     On information and belief, Defendant Heraeus markets and sells to at least U.S. consumers the Translux® Wave product and the Translux® Power Blue product via third party websites such as www.smartpractice.com and www.amazon.com.

20.     Instructions regarding how to use the Translux® Wave and Translux® Power Blue products are provided by Defendant in the products' packaging.

21.     On information and belief, Defendant Heraeus knows, should know, or is willfully blind to the fact that its infringing products, including at least the Translux® Wave and Translux® Power Blue products, are specially made or adapted for an infringing method and/or product.

22.     On information and belief, Defendant has actual notice and constructive notice of the Asserted Patents.

## COUNT ONE

**(Infringement Of The '559 Patent Against Defendant – 35 U.S.C. §§ 271 *et seq.*)**

23.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

24.     Defendant's infringing LED curing light products, including at least the Translux® Wave and the Translux® Power Blue products, do not have a substantial use that does not infringe at least claim 16 of the '559 Patent.

25.     On information and belief, Defendant has had actual notice of the '559 Patent as well as constructive notice pursuant to 35 U.S.C. § 287.

26.     On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 16 of the '559 Patent by developing, making, using, offering to sell, selling and/or

importing, in this District and elsewhere in the United States, at least the Translux® Wave and the Translux® Power Blue products; and/or (2) contributed to the infringement of at least claim 16 of the '559 Patent; and/or (3) actively induced others to infringe at least claim 16 of the '559 Patent, in this District and elsewhere in the United States.

27.     Defendant's actions constitute infringement, active inducement of infringement, and/or contributory infringement of at least claim 16 of the '559 Patent in violation of 35 U.S.C. § 271.

28.     CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

29.     CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

30.     Defendant's infringement of CAO's rights under at least claim 16 of the '559 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

31.     Upon information and belief, Defendant has willfully infringed at least claim 16 of the '559 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT TWO

**(Infringement Of The '648 Patent Against Defendant – 35 U.S.C. §§ 271 *et seq.*)**

32.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

33.     Defendant's infringing LED curing light products, including at least the Translux® Wave and the Translux® Power Blue products, do not have a substantial use that does not infringe at least claim 8 of the '648 Patent.

34.     On information and belief, Defendant has had actual notice of the '648 Patent as well as constructive notice pursuant to 35 U.S.C. § 287.

35.     On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 8 of the '648 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, at least the Translux® Wave and the Translux® Power Blue products; and/or (2) contributed to the infringement of at least claim 8 of the '648 Patent; and/or (3) actively induced others to infringe at least claim 8 of the '648 Patent, in this District and elsewhere in the United States.

36.     Defendant's actions constitute infringement, active inducement of infringement, and/or contributory infringement of at least claim 8 of the '648 Patent in violation of 35 U.S.C. § 271.

37.     CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

38.     CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

39.     Defendant's infringement of CAO's rights under at least claim 8 of the '648 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

40.     Upon information and belief, Defendant has willfully infringed at least claim 8 of the '648 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT THREE

**(Infringement Of The '362 Patent Against Defendant – 35 U.S.C. §§ 271 *et seq*.)**

41.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

42.     Defendant's infringing curing light products, including at least the Translux® Wave and the Translux® Power Blue products, do not have a substantial use that does not infringe at least claim 20 of the '362 Patent.

43.     On information and belief, Defendant has had actual notice of the'362 Patent as well as constructive notice pursuant to 35 U.S.C. § 287.

44.     On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 20 of the '362 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, at least the Translux® Wave and the Translux® Power Blue products; and/or (2) contributed to the infringement of at least claim 20 of the '362 Patent; and/or (3) actively induced others to infringe at least claim 20 of the '362 Patent, in this District and elsewhere in the United States.

45.     Defendant's actions constitute infringement, active inducement of infringement, and/or contributory infringement of at least claim 20 of the '362 Patent in violation of 35 U.S.C. § 271.

46.     CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

47.     CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

48.     Defendant's infringement of CAO's rights under at least claim 20 of the '362 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

49.     Upon information and belief, Defendant has willfully infringed at least claim 20 of the '362 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT FOUR

**(Infringement Of The '524 Patent Against Defendant – 35 U.S.C. §§ 271 *et seq*.)**

50.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

51.     Defendant's infringing curing light products, including at least the Translux® Wave and the Translux® Power Blue products, do not have a substantial use that does not infringe at least claim 18 of the '524 Patent.

52.     On information and belief, Defendant has had actual notice of the '524 Patent as well as constructive notice pursuant to 35 U.S.C. § 287.

53.     On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 18 of the '524 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, at least the Translux® Wave and the Translux® Power Blue products; and/or (2) contributed to the infringement of at least claim 18 of the '524 Patent; and/or (3) actively induced others to infringe at least claim 18 of the '524 Patent, in this District and elsewhere in the United States.

54.     Defendant's actions constitute infringement, active inducement of infringement, and/or contributory infringement of at least claim 18 of the '524 Patent in violation of 35 U.S.C. § 271.

55.     CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

56.     CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

57.     Defendant's infringement of CAO's rights under at least claim 18 of the '524 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

8

58.     Upon information and belief, Defendant has willfully infringed at least claim 18 of the '524 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT FIVE

### (Infringement of the '875 Patent Against Defendant – 35 U.S.C. §§ 271 *et seq.*)

59.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

60.     Defendant's infringing curing light products, including at least the Translux® Wave and the Translux® Power Blue products, do not have a substantial use that does not infringe at least claim 16 of the '875 Patent.

61.     On information and belief, Defendant has had actual notice of the '875 Patent as well as constructive notice pursuant to 35 U.S.C. § 287.

62.     On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 16 of the '875 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, at least the Translux® Wave and the Translux® Power Blue products; and/or (2) contributed to the infringement of at least claim 16 of the '875 Patent; and/or (3) actively induced others to infringe at least claim 16 of the '875 Patent, in this District and elsewhere in the United States.

63.     Defendant's actions constitute infringement, active inducement of infringement, and/or contributory infringement of at least claim 16 of the '875 Patent in violation of 35 U.S.C. § 271.

64.     CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

65.     CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

66.     Defendant's infringement of CAO's rights under at least claim 16 of the '875 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

67.     Upon information and belief, Defendant has willfully infringed at least claim 16 of the '875 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CAO asks this Court to enter judgment in its favor and against Defendant under at least 35 U.S.C. § 281, and grant the following relief:

A.     An adjudication that Defendant has infringed and continues to directly and indirectly infringe the Asserted Patents;

B.     An adjudication that Defendant's acts of infringement are willful;

C.     Orders of this Court temporarily, preliminarily, and permanently enjoining Defendant, its agents, servants, and any and all parties acting in concert with Defendant, from directly or indirectly infringing in any manner any of the claims of Asserted Patents pursuant to at least 35 U.S.C. § 283;

D.     An award of damages adequate to compensate CAO for Defendant's infringement of the Asserted Patents in an amount to be proven at trial;

E.     A finding that this is an exceptional case and an award of Plaintiff's costs and attorney fees;

F.     A trebling of the damage award to Plaintiff;

G.     An assessment and award of pre- and post-judgment interest on all damages awarded; and

H.     Any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: February 2, 2015                    **TRASKBRITT, P.C.**


By:  /s/ Edgar R. Cataxinos
    Edgar R. Cataxinos, Esq.
    J. Jeffrey Gunn, Esq.
    Stephen E. Pulley, Esq.
    230 South 500 East # 300
    Salt Lake City, Utah 84102
    Telephone: (801) 532-1922
    Facsimile: (801) 531-9168


    *Attorneys for Plaintiff, CAO GROUP, INC.*